ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| TRIPLE-S SALUD, INC.<br><br>Recurrida<br><br>v.<br><br>JORGE GARCÍA FERRARA Y OTROS<br><br>Peticionaria | **TA2025CE00439** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Bayamón<br><br>Civil Núm.: BY2020CV02180<br><br>Sobre: Cobro de Dinero Ordinario |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

Bonilla Ortiz, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico a 2 de octubre de 2025.

Comparece ante este foro el Sr. Jorge García Ferrara (señor García o "el peticionario") y nos solicita que revisemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, notificada el 17 de julio de 2025. Mediante el referido dictamen, el foro primario declaró *Ha Lugar* la solicitud de sanciones presentada por Triple S Salud, Inc. (Triple S o "parte recurrida"), además le anotó la rebeldía al peticionario, por consiguiente, eliminó sus alegaciones.

Por los fundamentos que expondremos a continuación, **DENEGAMOS** el recurso de epígrafe.

**I.**

El 15 de julio de 2020, Triple S presentó una *Demanda* sobre cobro de dinero en contra del peticionario, y otros codemandados.[1] En esencia, alegó que luego de una evaluación de auditoría, el

---

[1] *Demanda*, entrada núm. 1 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

peticionario adeudaba por sobrepago la cantidad ascendente a $364,112.63. Añadió, que la deuda estaba vencida, era liquida y exigible. A su vez, que realizó gestiones de cobro, siendo estas infructuosas.

El 23 de septiembre de 2020, el señor García presentó su *Contestación a la Demanda*.[2] En esta, negó la mayoría de las alegaciones y resaltó que realizó los pagos correctos, por lo que no había justificación para el reclamo. De igual forma, planteó que la supuesta auditoría fue errónea, arbitraria, especulativa y contraria a las obligaciones entre las partes.

De otra parte, presentó una *Reconvención*, en la cual expresó que Triple S le canceló injustamente el contrato de proveedor de salud, causándole daños económicos. Por ello, solicitó preliminarmente una suma de $750,000.00; además de $10,000.00 por honorarios de abogados y costas.

El 28 de octubre de 2020, Triple S presentó su *Contestación a Reconvención*.[3] Afirmó que, pusieron fin a la relación contractual por la que reclama el señor García, pero como consecuencia de sus propios actos, dado que, con sus actuaciones y omisiones, generó una sobrefacturación excesiva la cual se reflejó en una auditoría. Por consiguiente, solicitó se confirmara la demanda y se declarara no ha lugar a la reconvención.

Luego de varias incidencias procesales, el 21 de mayo de 2021, Triple S presentó una *Moción para que se den por Admitidos los Requerimientos de Admisiones y en Solicitud de Otros Remedios*.[4] En esta, señaló que el 13

---

[2] *Contestación a la Demanda*, entrada núm. 9 en SUMAC.
[3] *Contestación a Reconvención*, entrada núm. 21 en SUMAC.
[4] *Moción para que se den por Admitidos los Requerimientos de Admisiones y en Solicitud de Otros Remedios*, entrada núm. 31 en SUMAC.

de enero de 2021, le cursó a la parte peticionaria un *Requerimiento de Admisiones*, sin embargo, que transcurrió el término aun cuando el foro primario le concedió un término adicional, y éste incumplió, por lo que, solicitó se diera por admitido. Además, solicitó se ordenara a que contestara el *Primer Pliego de Interrogatorios* y *Requerimiento de Producción de Documentos,* sujeto a la imposición de sanciones. Resaltaron que la conducta del peticionario mantuvo paralizado el descubrimiento de prueba injustificadamente.

El 24 de mayo de 2021, el foro primario notificó una *Orden*, en la cual dio por admitido el requerimiento de admisiones.[5]

El 10 de agosto de 2021, el señor García presentó una *Moción de Desestimación*.[6] En síntesis, sostuvo que la causa de acción de Triple S había caducado y expirado por el paso del tiempo. Arguyó que, las reclamaciones más recientes eran del 2013, por lo que, al presentar la demanda en el 2020, transcurrido el término de 6 años que dispone el Código de Salud, caducaron. A su vez, esbozó que la parte recurrida incurrió en incuria, al tardarse en reclamar judicialmente los casos. Por ello, solicitó la desestimación de la demanda al haber caducado la reclamación.

En respuesta, el 1 de septiembre de 2021, Triple S presentó su *Oposición a Moción de Desestimación*.[7] Mediante la cual, alegó que el término de 6 años era para hacer la reclamación al proveedor, lo que alegaron

---

[5] *Orden*, entrada núm. 32 en SUMAC.
[6] *Moción de Desestimación*, entrada núm. 48 en SUMAC.
[7] *Oposición Moción de Desestimación*, entrada núm. 51 en SUMAC.

hicieron desde, al menos, el 24 de marzo de 2015. Por lo que, resaltaron que no procedía la desestimación.

Evaluadas las mociones, el 8 de noviembre de 2022, el foro primario notificó una *Resolución*, mediante la cual declaró *No Ha Lugar* a la *Moción de Desestimación*.[8]

Luego de varias incidencias procesales, el 18 de marzo de 2024, Triple S presentó una *Moción en Torno a Nueva Moción de Renuncia y Solicitud de Anotación de Rebeldía y Sanciones al Amparo de las Reglas 34.3(B), 39.2(A), 44.2 y 45 ante Incumplimiento Reiterado del Demandado con las Reglas que Rigen los Procedimientos*.[9] Sostuvo que, era la tercera ocasión que la representación legal del señor García renunciaba, por lo que, había provocado una dilación en los procedimientos y sana administración de la justicia. A su vez, que el peticionario demostró un desinterés por cumplir con sus deberes más básicos relacionados al descubrimiento de prueba. Por ello, solicitó que fuera sancionado, se le anotara la rebeldía, y se eliminaran alegaciones de la *Reconvención*. Finalmente, solicitó se le ordenara la producción de toda evidencia que no había entregado.

En la misma fecha, el foro primario emitió una *Orden*, en la cual indicó lo siguiente: "[a]nte el reiterado incumplimiento de la parte demandada con el descubrimiento de prueba en el caso se impone sanciones económicas por $500. Tiene 5 días finales para producir los documentos so pena de anotarle la rebeldía a la parte

---

[8] *Resolución*, entrada núm. 59 en SUMAC.
[9] *Moción en Torno a Nueva Moción de Renuncia y Solicitud de Anotación de Rebeldía y Sanciones al Amparo de las Reglas 34.3(B), 39.2(A), 44.2 y 45 ante Incumplimiento Reiterado del Demandado con las Reglas que Rigen los Procedimientos*, entrada núm. 76 en SUMAC.

demandada y eliminar las alegaciones de la reconvención.[10]

El 4 de abril de 2024, el señor García presentó una *Moción Informativa*, en la cual alegó que remitió el documento que pudo identificar sobre lo solicitado por Triple S. Sobre los demás documentos, esbozó que no existían y no había posibilidad de producirlos.[11]

Luego de varias incidencias procesales, el 19 de febrero de 2025, Triple S presentó una *Solicitud de Sanciones debido a Expoliación de Evidencia por la Parte Demandada y Otras Circunstancias Relativas al Descubrimiento de Prueba*.[12] Alegó que, el peticionario incurrió en un patrón de conducta lesiva sobre sus obligaciones para el descubrimiento de prueba, al no preservar la prueba de destrucción. Resaltó que, el señor García fue objeto de sanciones económicas, aun así, demostró negligencia crasa. A su vez, arguyó que el peticionario nunca explicó las gestiones que realizó para salvaguardar la integridad de la evidencia que tenía en su poder y que, por falta de diligencia, destruyó. Por lo que, solicitó la imposición de severas sanciones, incluyendo la eliminación de la totalidad de sus alegaciones en la reconvención.

El 14 de marzo de 2025, el señor García presentó su oposición a la solicitud de sanciones instada por la parte recurrida.[13] En síntesis, alegó que la evidencia fue sometida, entregada y auditada por la parte

---

[10] *Orden*, entrada núm. 78 en SUMAC.
[11] *Moción Informativa*, entrada núm. 85 en SUMAC.
[12] *Solicitud de Sanciones debido a Expoliación de Evidencia por la Parte Demandada y Otras Circunstancias Relativas al Descubrimiento de Prueba*, entrada núm. 111 en SUMAC.
[13] *Oposición a Solicitud de Sanciones debido a Expoliación de Evidencia por la Parte Demandada y Otras Circunstancias Relativas al Descubrimiento de Prueba*, entrada núm. 119 en SUMAC.

recurrida. Asimismo, arguyó que eliminarle sus alegaciones y defensas afirmativas, y anotarle la rebeldía, era el castigo más severo que podía imponérsele, y más cuando la evidencia estaba en poder de la parte recurrida.

El 17 de marzo de 2025, Triple S presentó una réplica a la oposición de solicitud de sanciones.[14]

Evaluadas las mociones, el 17 de julio de 2025, el foro primario notificó la *Resolución* recurrida.[15] Mediante el referido dictamen, el foro *a quo* señaló que el pleito inició en el año 2020, desde entonces le había sido requerido al peticionario que produjera información relacionada con el descubrimiento de prueba e incumplió, aun con la imposición de sanciones económicas. Por consiguiente, concluyó que, debido al incumplimiento con el descubrimiento de prueba y su entorpecimiento, procedía la anotación de rebeldía y la eliminación de las alegaciones del peticionario como sanción.

En desacuerdo, el 1 de agosto de 2025, el señor García presentó una *Moción en Solicitud de Reconsideración*.[16] Sin embargo, el 12 de agosto de 2025, el foro primario mediante *Resolución Interlocutoria*, la denegó.[17]

Aun inconforme, el 11 de septiembre de 2025, el señor García presentó el recurso de epígrafe, en el cual planteó los siguientes señalamientos de error:

> **PRIMER SEÑALAMIENTO DE ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE LA PARTE DEMANDADA NO PRODUJO DOCUMENTOS ALEGADAMENTE REQUERIDOS EN EL DESCUBRIMINETO DE PRUEBA, A PESAR DE QUE LA

---

[14] *Réplica a "Oposición a Solicitud de Sanciones debido a Expoliación de Evidencia por la Parte Demandada y Otras Circunstancias Relativas al Descubrimiento de Prueba"*, entrada núm. 120 en SUMAC.
[15] *Resolución*, entrada núm. 121 en SUMAC.
[16] *Moción en Solicitud de Reconsideración*, entrada núm. 122 en SUMAC.
[17] *Resolución Interlocutoria*, entrada núm. 126 en SUMAC.

PARTE DEMANDANTE NO IDENTIFICÓ QUE DOCUMENTOS HACE REFERENCIA.

**SEGUNDO SEÑALAMIENTO DE ERROR:** ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL ELIMINAR LAS ALEGACIONES Y DECLARAR A LA PARTE DEMANDADA EN REBELDÍA A PESAR DE QUE LOS DOCUMENTOS SOLICITADOS (EXPEDIENTES MÉDICOS DE LOS PACIENTES) SE ENCUENTRAN EN PODER DE LA PARTE DEMANDANTE DESDE EL 2014.

El 12 de septiembre de 2025, emitimos una *Resolución* concediéndole el término de quince (15) días a la parte recurrida para que presentara su alegato en oposición.

El 24 de septiembre de 2025, Triple S presentó su escrito en *Oposicion a "Petición de Certiorari"*.

Con el beneficio de la comparecencia de las partes, procedemos a atender el recurso de epígrafe.

## II.

El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 847 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender

el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG*, supra; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada*, In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional, estos son los siguientes:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ahí la premisa normativa que califica la tramitación de los asuntos en

el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I*, 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto." *BPPR v. SLG Gómez-López*, 213 DPR 314; *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018).

### III.

En el caso de autos, el señor García alega que incidió el foro primario al eliminar alegaciones y anotarle la rebeldía, por no producir documentos requeridos por la parte recurrida. Arguye que, eliminarle las alegaciones y declararlo en rebeldía es la sanción mas onerosa que le pueden imponer a una parte, aun cuando la parte recurrida no especificó la evidencia a la cual hacen referencia en su moción.

Por su parte, en esencia, Triple S menciona que la evidencia requerida fue destruida por el peticionario, y así mismo lo reconoció. Sostiene que, el señor García aun cuando conocía que dichos documentos le fueron requeridos desde el 2021, no realizó gestión alguna para preservarlos. Asimismo, resaltó que al peticionario le fue impuesta sanciones económicas, y el foro recurrido

le apercibió de la posibilidad de eliminar sus alegaciones y anotarle la rebeldía.

Como es sabido, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López*, supra.

Luego de examinar el expediente del caso y la *Resolución* recurrida, no encontramos indicio de que el foro primario haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción o cometido algún error de derecho. Pueblo v. Rivera Santiago, supra; *SLG Flores, Jiménez v. Colberg*, supra. Por consiguiente, concluimos que nos corresponde abstenernos de ejercer nuestras facultades discrecionales en el presente caso. Así pues, el ejercicio discrecional nos dirige a no intervenir en este momento en el dictamen recurrido de conformidad con los parámetros establecidos por la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 del Tribunal de Apelaciones, *supra*.

Reiteramos que, nuestro ordenamiento jurídico nos habilita a intervenir solamente en aquellas instancias interlocutorias en las cuales medie una actuación arbitraria o caprichosa, un ejercicio de craso abuso de discreción, o una errónea interpretación o aplicación del derecho por parte del foro primario.

Por lo tanto, resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo.

## IV.

Por los fundamentos antes expuestos, **DENEGAMOS** expedir el auto de *certiorari*.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones